IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CR-1-1H
No. 4:12-CV-147-H

DAMIEN EDWARD MITCHELL,          )
                                 )
    Petitioner,                  )
                                 )
                                 )
    v.                           )
                                 )         **ORDER**
                                 )
                                 )
UNITED STATES OF AMERICA         )
                                 )
    Respondent.                  )

This matter is before the court pursuant to Rule 4 of the Rules Governing Section 2255 Cases ("Rule 4") for examination of petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. On May 6, 2011, petitioner pled guilty, pursuant to a written plea agreement, to distribution of 28 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). On April 9, 2012, the court sentenced petitioner to a 120-month term of imprisonment. Petitioner did not appeal. On July 23, 2012, petitioner timely filed the § 2255 motion presently before the court.

I.  **Rule 4 Standard**

Rule 4 requires the court to conduct a preliminary examination of a petition filed pursuant to 28 U.S.C. § 2255.

"If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b). The court may dismiss some of the claims in the petition and allow the other claims to proceed. <u>United States v. Talbott</u>, 26 F. App'x 167 (4th Cir. 2001) (unpublished).

Title 28 U.S.C. § 2255 provides relief for federal inmates only where it is shown that (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) the court was without jurisdiction to impose the sentence; or (3) the sentence exceeds the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255.

## II. Petitioner's Claim

Petitioner challenges his sentence, arguing that the court "illegally enhanced" his sentence pursuant to U.S. Sentencing Guideline 2D1.1(b)(1) based upon a finding that he possessed a dangerous weapon. Petitioner contends that "there's absolutely no evidence that the petitioner possessed a firearm during a drug activity as 2D1.1(b)(1) mandates." (Mem. Supp. § 2255 Motion [DE #55-1] at 7.)

The court has reviewed petitioner's motion and the record of prior proceedings and has determined that it is plainly apparent that petitioner is not entitled to relief. Petitioner's "illegal

2

enhancement" claim concerns the sentence imposed and, more particularly, the court's establishment of the advisory Guidelines range. This claim falls within the scope of petitioner's appeal waiver. Appeal waivers are valid and enforceable where they are knowingly and voluntarily made. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). At petitioner's Rule 11 hearing, the court found that petitioner freely and voluntarily entered into the plea, that he had a full and complete understanding of the nature of the charges and the punishment he faced, and that a sound factual basis existed to support all of the charges. Petitioner offers no evidence to suggest that his plea was not voluntary, and he is, therefore, bound by the appeal waiver.

In his motion, petitioner references the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Although petitioner's purpose in doing so is not entirely clear, it appears as though petitioner may be arguing that he was not subject to an "enhanced" statutory sentence under 21 U.S.C. § 841(a)(1) because, according to Simmons, he has no prior convictions that are punishable by a term of imprisonment exceeding one year. However, the record in this case establishes that the court determined the applicable statutory sentence to be not less than 5 years and not more than 40 years based upon the quantity of crack involved. See 21

3

U.S.C. § 841(b)(1)(B). The court did not subject petitioner to a greater statutory minimum and maximum based upon his prior convictions, as petitioner suggests.

Petitioner's claim is also subject to dismissal due to petitioner's failure to raise the claim on direct appeal. Claims that could have been but were not raised on direct appeal are not subject to collateral review absent showing of cause and prejudice or fundamental miscarriage of justice. <u>United States v. Pregent</u>, 190 F.3d 279, 284 n.5 (4th Cir. 1999); <u>United States v. Mikalajunas</u>, 186 F.3d 490, 492-93 (4th Cir. 1999). Petitioner has made no showing to excuse his procedural default and his claim would therefore be subject to dismissal for this reason as well.

### CONCLUSION

For the foregoing reasons, petitioner's motion to vacate his sentence [DE # 55] is DISMISSED. The clerk is directed to close the case. Finding no substantial issue for appeal concerning the denial of a constitutional right, <u>see</u> 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

This 10th day of August 2012.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31